UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BOBBI LYNN HASSEBROEK, in her capacity as special administrator of the Estate of Braden Sellers Hassebroek,<br><br>Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-25-833-G<br>)<br>)<br>)<br>)<br>) |

## ORDER

Now before the Court is Plaintiff Bobbi Lynn Hassebroek's Motion to Strike (Doc. No. 7) certain affirmative defenses asserted by Defendant United Parcel Service, Inc. in its Answer (Doc. No. 6). Defendant has filed a Response (Doc. No. 11), and Plaintiff has replied (Doc. No. 12).

I.   *Background*

Plaintiff's late husband, Braden Sellers Hassebroek, was employed as a driver for Defendant. Plaintiff alleges that in June of 2024, Mr. Hassebroek experienced symptoms indicative of heat-related illness while working and reported them to Defendant. *See* Compl. (Doc. No. 1-1) ¶¶ 15-21. Plaintiff further asserts that, rather than calling 911, Defendant required Mr. Hassebroek to return his vehicle to Defendant's work facility and then "sequester[ed]" Mr. Hassebroek in a dark office. *Id.* ¶ 22. Hours later, Mr. Hassebroek stumbled out of the office and collapsed; he died that day. *See id.* ¶¶ 23-26.

Plaintiff seeks relief under title 85A, section 5 of the Oklahoma Statutes, which provides an exception to the exclusive rights and remedies of the workers' compensation scheme for an "[i]njury . . . caused by an intentional tort committed by the employer." Okla. Stat. tit. 85A, § 5(C)(2); *see* Compl. ¶¶ 27-29. To hold Defendant liable under this statute, Plaintiff must show that Mr. Hassebroek "[wa]s injured as a result of willful, deliberate, specific intent of [Defendant] to cause such injury." Okla. Stat. tit. 85A, § 5(C)(2); *see also Safety Nat'l Cas. Co. v. SSM Health Care of Okla., Inc.*, No. CIV-20-689-HE, 2020 WL 10731243, at *2 (W.D. Okla. Dec. 17, 2020).

In its Answer, Defendant pleads fourteen "affirmative defenses." *See* Answer at 3-6. Plaintiff's Motion seeks to strike six of these as inapplicable and/or insufficiently pled. *See* Pl.'s Mot. to Strike at 3, 6-14.

II.     *Standards of Review*

Rule 8 of the Federal Rules of Civil Procedure prescribes that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and must "affirmatively state any avoidance or affirmative defense," *id.* R. 8(c)(1). "As a general rule, a defendant waives an affirmative defense by failing to plead it." *Burke v. Regalado*, 935 F.3d 960, 1040 (10th Cir. 2019).

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading" "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(f) relief, however, is generally a "drastic remedy" and "must not be granted unless, as a matter of law, the defense cannot succeed under any circumstances." *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL

2

718533, at *2-3 (W.D. Okla. Feb. 5, 2018) (internal quotation marks omitted).[1] "A defense should not be stricken if there is any real doubt about its validity, and [t]he benefit of any doubt should be given to the pleader." *Sender v. Mann*, 423 F. Supp. 2d 1155, 1163 (D. Colo. 2006) (alteration and internal quotation marks omitted).

> A more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes. Accordingly, unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause [s]ome sort of significant prejudice to one or more of the parties to the action a motion to strike should be denied.

*Nootbaar v. Alderwoods (Okla.), Inc.*, No. CIV-19-110-D, 2019 WL 3558182, at *2 (W.D. Okla. Aug. 5, 2019) (alteration, citation, and internal quotation marks omitted).

### III. Discussion

#### A. Affirmative Defense No. 12

Defendant has now withdrawn its pleading allegation that "Plaintiff's injuries are barred by the doctrine of a sudden emergency." Answer at 4; *see* Def.'s Resp. at 1.

#### B. Affirmative Defense Nos. 6 and 10

In Affirmative Defense Nos. 6 and 10, Defendant states:

---

[1] Recognizing the lack of controlling Tenth Circuit authority, Plaintiff suggests that the standards applied in *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should be applied to Defendant's affirmative defenses. The undersigned here follows the approach of previous decisions of this Court, which "have consistently concluded" that these pleading standards "do[] not apply with the same force to affirmative defenses." *Knighten*, 2018 WL 718533, at *2 n.1 (internal quotation marks omitted) (citing cases); *see also Wilkins v. Greens Serv. Co., LLC*, No. CIV-19-402-G, 2019 WL 4126075, at *1-2 (W.D. Okla. Aug. 29, 2019).

6. Plaintiff's injuries, if any, were caused by his contributory negligence or comparative fault.

10. The comparative fault of Plaintiff[] exceeds that of Defendant.

Answer at 4.

Plaintiff argues that, while contributory negligence or comparative fault may serve as a defense or a basis for reduction of damages in a negligence action, the doctrines do not apply in the context of a claim for liability in intentional tort. *See* Pl.'s Mot. to Strike at 6-8 (citing Okla. Stat. tit. 23, § 13; *Graham v. Keuchel*, 847 P.2d 342 (Okla. 1993)). Defendant responds that *Graham* recognizes an "exception"; Plaintiff disputes this reading of the decision. Def.'s Resp. at 9; Pl.'s Reply at 7-8.

In *Graham*, the Oklahoma Supreme Court, in considering a jury instruction on supervening cause given in a wrongful death case, stated: "A third person's intentional tort is a supervening cause of the harm that results—even if the actor's negligent conduct created a situation that presented the opportunity for the tort to be committed—unless the actor realizes or should realize the likelihood that the third person might commit the tortious act." *Graham*, 847 P.2d at 349 (emphasis omitted). In an accompanying footnote, the appellate court discussed the "special circumstances" of a "'superseding cause of harm'" resulting from a third person's intentional tort or crime. *Id.* at 349 n.37 (emphasis omitted) (quoting Restatement (Second) of Torts § 448 (1965)).[2]

---

[2] Defendant presents this language as a direct statement of the Oklahoma Supreme Court, rather than—as clearly identified in the opinion—a statement appearing in the Restatement (Second) of Torts and then quoted by the appellate court. *See* Def.'s Resp. at 9.

4

Nothing in the cited language supports the proposition that either contributory negligence or comparative fault would potentially apply as a defense to Plaintiff's intentional tort claim. The *Graham* plaintiff was pursuing claims sounding in negligence, rather than upon a theory of intentional tort as here. *See id.* at 346-47. The Oklahoma Supreme Court's consideration of supervening cause, as well as its discussion of contributory and comparative negligence, took place in that negligence context and did not suggest that these concepts serve as defenses to an intentional tort claim. *See id.* at 348-55, 357-63 ("[W]hile ordinary negligence of the plaintiff may be used as a defense against gross negligence, it may not considered as a defense against any form of conduct found to be willful and wanton or intentional." (emphasis omitted)); *Tiger v. Verdigris Valley Elec. Coop.*, 410 P.3d 1007, 1012 (Okla. 2016) (citing *Graham* for the proposition that a "claim for intentional tort is not subject to [a] defense of contributory or comparative negligence"); *see also Safety Nat'l Cas. Corp.*, 2020 WL 10731243, at *2 (explaining that any claim by the employee against the employer for negligence is barred).

The Court therefore agrees with Plaintiff that Affirmative Defense Nos. 6 and 10 are "immaterial" and "lack[] . . . [an] obvious or inferable relationship or connection to the claims as pleaded in the Complaint." Fed. R. Civ. P. 12(f); *Nootbaar*, 2019 WL 3558182, at *3. Plaintiff's Motion to Strike shall be granted in this respect.

### C. Affirmative Defense Nos. 7, 8, and 11

Defendant's Affirmative Defense Nos. 7, 8, and 11 state:

7. Plaintiff's injuries, if any, were caused by the acts of third-parties over which this Defendant had no right or control.

    8. Plaintiff's injuries, if any, were pre-existing.

    11. Plaintiff's injuries, if any, are barred by the doctrine of intervening cause.

Answer at 4.

Plaintiff argues that these should be stricken because, while "potentially apt" to Plaintiff's proof of causation, such a "laundry list" is insufficient to provide fair notice of the defenses' applicability to Plaintiff's claim. Pl.'s Mot. to Strike at 8-11. Defendant responds that these defenses are a reasonable counter to Plaintiff's factual allegations and that "Plaintiff's demands for factual pleading" are unworkable, given the requirement that Defendant timely raise its defenses to avoid waiver. Def.'s Resp. at 6 (citing Fed. R. Civ. P. 8(c)); *see also Burke*, 935 F.3d at 1040.

While certainly "abbreviated," the Court finds that, when considered in the context of the Complaint, Affirmative Defense Nos. 7, 8, and 11 have a "possible relation" to the tort claim and "sufficiently apprise [Plaintiff] of the nature of the defense[s] for pleading purposes." *Nootbaar*, 2019 WL 3558182, at *2 (internal quotation marks omitted). As Plaintiff shall be able to obtain discovery regarding "any nonprivileged matter that is relevant to" these defenses, striking them from Defendant's Answer is not warranted. Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

As outlined herein, Plaintiff's Motion to Strike (Doc. No. 7) is GRANTED IN PART and DENIED IN PART. Defendant's Affirmative Defense No. 12 is WITHDRAWN, and Defendant's Affirmative Defense Nos. 6 and 10 are STRICKEN. Plaintiff's Motion is otherwise denied.

IT IS SO ORDERED this 16th day of December, 2025.

                                             */s/ Charles B. Goodwin*
                                             CHARLES B. GOODWIN
                                             United States District Judge